## Lorenzo H. Turner v. Thomas H. Righter.

1. INSTRUCTION—*must not assume facts in dispute.* An instruction is improper which assumes a fact in dispute.

2. INSTRUCTION—*must not give undue prominence to particular facts.* An instruction is improper which gives undue prominence to particular facts in controversy in a cause.

3. INSTRUCTION—*when not cured by presumption.* Where the evidence heard in a cause is not preserved, no presumption arises to cure an error in an instruction which consists in assuming the existence of a fact in controversy.

Action of assumpsit. Error to the Circuit Court of Shelby County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the November term, 1904. Reversed and remanded. Opinion filed April 20, 1905.

WALKER & BRADLEY, for plaintiff in error.

W. C. HEADEN and CHAFEE & CHEW, for defendant in error.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is a suit in assumpsit by plaintiff in error against defendant in error. A trial by jury resulted in verdict and judgment for the defendant, to reverse which the plaintiff prosecutes this writ of error. The action was commenced October 31, 1901, and is based upon two bank checks, one dated July 5, 1893, for $3, and the other dated April — 1894, for $400, both alleged to have been drawn by defendant, and by the payee, one Turner, assigned to

plaintiff. The defendant pleaded non-assumpsit, set-off and a verified denial of the execution of the checks. The bill of exceptions recites merely that "on the trial plaintiff gave in evidence testimony tending to prove the issues in his behalf, and defendant gave in evidence testimony tending to prove the issues in his behalf, and the evidence in support of the issues was conflicting."

The court, at the request of defendant, gave to the jury the following instruction :

" The court further instructs the jury that in reaching a conclusion as to whether either one of said checks was signed by the defendant and is a check made by him, the jury have a right to take into consideration all of the facts in evidence relating to said checks, the circumstances and conditions surrounding the parties to the transactions, the delay in presenting the said checks for payment, together with all the other facts and circumstances proven in this case."

The instruction in question not only assumed that there was, as a matter of a fact, a delay in presenting the checks for payment, but in addition thereto called the especial attention of the jury to such assumed fact, thus giving it undue prominence. The effect of it was to give the jury to understand that in the opinion of the court the fact of delay was of more importance than any others appearing in evidence. The fact that they were told that they had a right to consider the fact of delay " together with all the other facts and circumstances proven in the case," did not render the instruction any the less misleading. It but tended to emphasize the importance of the fact of delay over all others.

The rule that to single out and give undue prominence to a single fact or several facts in an instruction, is error, as calculating to mislead the jury, is so well established as not to require the citation of authorities. The instruction is further misleading in that it authorized the jury to consider " the circumstances and conditions surrounding the parties to the transactions." As to which of the parties, whether the alleged drawee or assignee of the checks, is referred to, what particular circumstances or conditions

Turner v. Righter.

are to be considered, whether those are meant which surrounded the parties at the time of the alleged execution of the checks, or those at the time the checks were assigned to plaintiff, or those existing at the time of bringing the suit, or at the trial, the jury are not advised.

Counsel for defendant in error insists that not having the full record before us, we cannot assume that the fact of delay was controverted, but should assume that the court gave the instruction because the delay was a fact admitted by both parties; that inasmuch as it is not every error that is cause for reversal, but that it must appear that the error was prejudicial to the party complaining, by bringing the cause before the court upon a short record, plaintiff in error concedes that the evidence fully sustained the defense interposed, and that the judgment should, therefore, be affirmed notwithstanding error may have been committed in giving the instruction.

In Costly v. McGowan, 174 Ill. 79, the case was brought to the court of review without preserving the evidence in the record, and it was insisted by defendants in error that it was, therefore, impossible for the court to determine that the giving of certain instructions complained of was reversible error. It was there held that it is only where the evidence is all preserved in the record, and the court can see from it that the jury could have reached no other conclusion than they did, had the instructions and all the rulings been correct, that a court of review will affirm notwithstanding error may have been committed in giving and refusing instructions.

In the case at bar only the legal question as to the correctness of the instruction in question is presented. The instruction was clearly erroneous, and the evidence not being preserved in the record, we cannot presume that the verdict of the jury was right notwithstanding the error in giving the same.

The judgment will accordingly be reversed and the cause remanded.

*Reversed and remanded.*